

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. S. Murchison, Executive Director
State Department of Public Welfare
Austin, Texas

Dear Sir:                                    Opinion No. O-4494
                                             Re: Residence requirements for
                                                 old age assistance as applied
                                                 to certain fact situations.

        In your letter of March 9, 1942, you request our
opinion on the application to certain fact situations of the
principles discussed in our opinion No. O-4254 relating to
the residence requirements provided by House Bill 611, Acts
47th Legislature, for eligibility for social security benefits.

        The first situation presented in your letter reads
as follows:

        "An applicant for assistance filed her applica-
    tion in April, 1940, but before an investigation could
    be completed she left on a visit to California. At
    the time she left, it was her intention to return to
    the State, but while in California she suffered a
    stroke of paralysis and was unable to return. In
    October, 1940, the daughter with whom she was visit-
    ing notified this department that she was unable to
    return to Texas but would return as soon as she had
    sufficiently recovered. The original application
    which was filed in April was denied. On November 7,
    1941, the applicant returned to Texas and requested
    that her application for assistance be considered.

        "This applicant had complied with that section
    of the law stating that a person must have lived in
    the State for five years out of the nine preceding
    the application, but was absent from the State for
    the entire eighteen months preceding the date of
    the filing of her application. The Department has
    satisfactorily established that there was no inten-
    tion on the part of this applicant to abandon her
    residence in Texas and her absence from the State
    was purely unavoidable.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"In your Opinion No. 0-4264, next to the last paragraph, you state that 'while continuous physical presence is not required, the person must be physically present in this State under such circumstances and for such a substantial part of the time period involved as will reasonably indicate that Texas is in fact, as well as intention, his fixed and permanent place of abode during the entire period required.'

"In the light of this opinion, does this applicant meet that requirement?

"Does the above quotation from your opinion mean that to be eligible a person must have been physically present for at least a part of the period of time specified in the law?

"Can the State Department construe this opinion to mean that if the applicant has resided in the State of Texas for a substantial part of the five years out of the nine immediately preceding the application, this will suffice for residence, notwithstanding the fact that she has not been physically present within the State for any part of the twelve months immediately preceding the application?"

Section 51b of Article III of the Constitution provides in part?

". . . provided further that the requirements for length of time of actual residence in Texas shall never be less than five (5) years during the nine (9) years immediately preceding the application for old-age assistance and continuously for one (1) year immediately preceding such application."

"Actual residence" in the foregoing provision must of necessity apply to the one year as well as the five year requirement. The same rule of intent plus physical presence is applicable to both requirements. We outlined this rule in the passage from our Opinion No. 0-4264 which you quoted in your letter as set out above.

We find this same rule announced by the Texas courts in construing the statutes prescribing residence requirements in divorce actions. In Dickinson v. Dickinson, 138 S. W. 205,

Judge Fly, speaking for the San Antonio Court of Civil Appeals, said:

"There can be no doubt, we think, that the statute demands an actual residence for the six months, as distinguished from a legal residence, which may be maintained in one place while actually living in another. As said by this court in Michael v. Michael, 34 Tex. Civ. App. 630, 79 S. W. 74; 'It was intended by the statute not only to compel an actual, good faith inhabitancy of this state, but an actual residence in the county where the suit for divorce is instituted, upon the part of the party seeking the divorce.' In construing a similar statute the Supreme Court of Kentucky in Tipton v. Tipton, 87 Ky. 243, 8 S. W. 440, held that actual residence is required. In Haymond v. Haymond, 74 Tex. 414, 18 S. W. 90, it was held that a temporary absence from the county would not affect the right to maintain the suit, but it cannot be a temporary residence when nine-tenths of the six months next preceding the filing of the suit is spent out of the county and state. The condition to which a party seeking a divorce is subjected of residence in the county for six months next preceding the filing of his petition is absolute. There is no escape from it. The residence must be actual; it must be continuous. It is not necessary that every day nor perchance every week must be passed in the county, but the bulk of the time must be passed therein."

Applying these principles to the fact situation presented, it is our opinion that the applicant does not meet the requirement of "actual residence . . . for one (1) year immediately preceding" her application. The applicant must be physically present in the state for a substantial part of the two time periods specified in the law irrespective of the reasons for her absence or her intention to return.

We quote the second fact situation as presented by you;

"An applicant who resided in the State of Texas for fifteen or twenty years, or perhaps even longer, was convicted of a federal crime and sentenced

to the Federal Penitentiary at Leavenworth,
Kansas, where he was confined for a period of
twelve months or longer. His absence from the
State of Texas is enforced. He has no intention
of abandoning his residence and upon his release
from the Federal Penitentiary, he immediately
returns to the State, either after having served
his sentence or on parole. He has not been
physically present within the State for any part
of the twelve months immediately preceding the
date of his application but has resided in the
State for a substantial part of the five years
out of the nine preceding the application. Does
this applicant meet the residence requirements in
the light of Opinion No. O-4264?"

"Similar cases arise where the applicant is in
a Veterans' Facility outside the State. Although
this might not be classed as 'enforced absence,'
the applicant must be absent in order to receive
the benefit of the treatment offered by the Veterans'
Administration."

The applicant in this instance is likewise ineligi-
ble for the reasons given in answer to question (1) in that
he has not been physically present in the State for any part
of the twelve months immediately preceding his application.

The third situation:

"An itinerant who has never had a fixed or per-
manent place of residence but has traveled through-
out the United States for most of his life, but due
to his age he is unable to make his living and travel
around; therefore, he files an application. This
person has been physically present in the State of
Texas for a total of sixty months, or five years
out of the last nine. Does he meet the residence
requirement? If not, would it make any difference
if he has resided continuously in the State for the
twelve months immediately preceding the application,
which would indicate his intention to make Texas
his permanent place of abode?

"In the case of an itinerant, do we have to
prove intention to make Texas his fixed and permanent
place of abode during the period of time as well as
the fact that he was actually residing in the State?"

Mere physical presence in the state for a total of five years out of the last nine years would not fulfill the first residence requirement of the applicant in the absence of an intention to make his permanent home in Texas during such time. A present intention to take up a permanent abode in Texas cannot be made retroactive so as to give the status of residence to periods of previous physical presence in the State if the applicant did not in fact have the intention to make Texas his permanent home at the time of such prior intermittant sojourns within the state.

Your fourth situation reads as follows:

"It is a very prevalent custom among elderly people who have no home of their own to live among the children. Many applicants spend and have spent over a period of ten years, six months out of each year in Texas with one child, and six months out of each year in some other State. If that person has a home or has had any property in the State of Texas, it is fairly easy to prove that that person did not intend to abandon his place of residence in Texas, so long as he maintains a home to which he can return at the end of his visit; but in the case of an applicant who owns nothing but a few parcels of clothing and personal incidentals, it is impossible to gather any facts which would determine his intent.

"Can we consider his statement that he intended to return and the fact that he has returned as indicating that Texas is in fact, as well as intention, his fixed and permanent place of abode?"

Under the facts here presented, an applicant's statement that he intended to return to Texas throughout temporary visits with children in other states, coupled with the fact that he has returned may be considered by you as one of the factors upon which you will base your determination of the eligibility of the applicant. In such close questions, however, it would be safe to say that "actions speak louder than words", and in the event the applicant spends considerably more time in other states than he spends in Texas, his statement, unsupported by other evidence, that he has always

intended to make Texas his permanent place of abode, would not be conclusive.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s) Walter R. Koch
Assistant

APPROVED MAR. 27, 1942
(s) Grover Sellers
First Assistant Attorney
General

APPROVED
Opinion Committee
By B. W. B. Chairman

WRK:ba